OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. Petitioner seeks to set aside a determination of respondents on the ground that the notice of charges lacked the requisite specificity. Subdivision 2 of section 75 of the Civil Service Law provides, in pertinent part, that "[a] person against whom removal or other disciplinary action is proposed *661 shall have written notice thereof and of the reasons therefor, [and] shall be furnished a copy of the charges preferred against him”. The notice must sufficiently apprise the party of the charges against him so as to enable him to adequately prepare and present a defense (cf. Matter of Shapiro v Board of Regents, 16 NY2d 783; Matter of Weiner v Board of Regents, 3 AD2d 113). The notice served on petitioner clearly charged him with a pattern of excessive drinking which rendered him unable to properly perform the normal functions required of a fireman in his position. The charges alleged, inter alia, a deteriorating attendance record, a degenerating physical condition, lack of mental alertness, and a display of indecisiveness as a firefighter accompanied by a lack of ability to initiate action. These charges placed his competency directly in issue and were detailed enough to fairly enable the preparation of a defense. It is unnecessary to make a distinction regarding specificity, as the Appellate Division did, between charges of misconduct and charges of incompetency, since here the allegations of incompetency were laid plainly before petitioner in the notice served. Although a fair response to the request for a bill of particulars would have been desirable, and should not be so cavalierly handled in the future, under the circumstances of this case it was neither required nor necessary.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.